74,762-04

MR. JASON T. PEGUES #728196

HUNTSVILLE UNIT

815 12th STREET

HUNTSVILLE, TEXAS 77348

February 02, 2015

TO: COURT OF CRIMINAL APPEALS
    BOX 12308
    CAPITOL STATION
    AUSTIN, TEXAS 78711

RE: Ex Parte
    JASON TYRONE PEGUES

CAUSE No.94-DCR-026185 HC4

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 05 2015
Abel Acosta, Clerk

DEAR MADAM/SIR:

PLEASE FIND ENCLOSED A NOTICE TO THE COURT BY THE APPLICANT IN REFERENCE TO THE ABOVE MENTIONED CAUSED NUMBER. IF YOU WILL PLEASE PLACE THE ENCLOSED TN THE FILE OF SAID CAUSE NUMBER SO THAT IT MAY BE PRESENT AND TAKEN INTO CONSIDERATION UPON RULING THE CURRENT APPLICATION

THANK YOU FOR YOUR TIME AND ASSISTANCE.

RESPECTFULLY SUBMITTED,

#728196

JASON T. PEGUES #728196
THE APPLICANT:
cause no.94-DCR-026185 HC4

cc/file:

1 of 1

§
§
§   IN THE COURT OF CRIMINAL APPEALS
§
§
Ex parte                          §
JASON T. PEGUES                   §
§                      IN
§
§
§                AUSTIN, TEXAS
§
§
§

\* <u>NOTICE TO THE COURT</u> \*

TO THE HONORABLE JUDGE OF SAID COURT:

THE APPLICANT,<u>JASON T. PEGUES #728196</u>, WOULD LIKE TO BRING TO

THIS HONORABLE COURT'S ATTENTION THE FOLLOWING SO THAT THE APPLICANT

WILL NOT FALL UNDER ███████████ ABUSE OF WRIT, AS WELL AS BRINGING

NOTICE TO THE COURT THAT THE APPLICANT'S SUBSEQUENT APPLICATION IS

UNDER THE UMBRELLA OF HIS INITIAL APPLICATION(WR-74,762-03, WHICH WAS

DENIED WITHOUT WRITTEN ORDER ON <u>AUGUST 27,2014</u>). THIS SUBSEQUENT

APPLICATION IS PURSUANT TO <u>RULES OF APPELLATE PROCEDURE,RULE79.2(d)</u>,

WHICH IS ALSO IMPLEMENTED IN THE SUBSEQUENT'S MEMORANDUM, REQUESTING

AND SUGGESTING THIS HONORABLE COURT TO REVIEW THE CONSTITUTIONAL

LEGITAMACY OF THE APPLICANT'S CONVICTION, AS THE APPLICANT CHALLENGES

THE JUDGEMENT OF SENTENCE IN CAUSE No.<u>26185</u>,(<u>Ex parte MORENO,245 S.W.3d</u>

<u>419 (TEX.CRIM.APP.2008</u>).

I.

THIS SUBSEQUENT APPLICATION PRESENTS <u>NEW CREDIABLE, CRITICAL,</u>

<u>CLEAR and CONVINCING EVIDENCE</u> THAT WAS NOT AVAILABLE BEFORE APPLICANT'S

INITIAL APPLICATION WAS FILED, WHICH IS ALSO LEGALLY IMPLEMENTED IN

THE NATURE OF PROCEEDING OF THE SUBSEQUENT'S MEMORANDUM, CONTAINING

SUFFICIENT SPECIFIC FACTS ESTABLISHING THAT THIS NEW EVIDENCE WAS NOT AVAILABLE BEFORE APPLICANT'S INITIAL APPLICATION WAS FILED, **THE NEW EVIDENCE WILL PROVE BEYOND A REASONABLE DOUBT THAT APPLICANT'S** SUBSTANTIAL RIGHTS PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE (52 b) WERE AFFECTED AND HIS CONSTITUTIONAL RIGHTS WERE VIOLATED ALONG WITH FAMILY CODES AND PARENTAL NOTIFICATION REQUIREMENTS. DUE TO THIS NEW EVIDENCE AND SUPPORT BY STATE, FEDERAL, AND SUPREME COURT, THE APPLICANT CAN ASSURE THAT REVIEWING AND ADJUDICATING THE MERITS OF THE APPLICANT'S CLAIMS AND ISSUES IN THIS CASE WILL NOT BE A ██ WASTE OF THIS HONORABLE COURT'S TIME, FULLY RESPECTING AND PURSUANT TO RULES OF APPELLATE PROCEDURE, RULE 79.2(d), VERNON'S ANN.TEXAS C.C.P. art.11.07 (Ex parte MORENO, 245 S.W.3d 419 (TEX.CRIM.APP.2008).

## II.

THE RESPONDENT RESPONDED ON DECEMBER 29,2014, AND THE APPLICANT RECEIVED THE RESPONDENT'S ANSWER ON JANUARY 7,2015, AND IMMEDIATELY THE APPLICANT OBJECTED. ATTACHED TO THIS NOTICE IS A COPY OF THE APPLICANT OBJECTING TO THE RESPONDENT'S ANSWER WHICH WAS FILED ON JANUARY 8th,2015, AND WOULD LIKE TO ALSO SHOW THIS HONORABLE COURT THE FOLLOWING SO THAT THE APPLICANT WILL NOT FALL UNDER ████████ ABUSE OF WRIT (Ex parte MARTINEZ 233 S.W.3d 319 (TEX.CRIM.APP.2007).:

THE APPLICANT'S FIRST TWO APPLICATIONS WERE PERTAINING TO PRE-SENTENCE JAIL-TIME CREDIT. THE APPLICANT'S THIRD APPLICATION IN WHICH UMBRELLA'S THIS SUBSEQUENT APPLICATION, IS BASED ON THIS HONORABLE COURT COMPLETELY OVERRULING THE DeGarmo DOCTRINE IN WHICH THE APPLICANT WAS CONVICTED AND SENTENCED UNDER. THE APPLICANT COULD NOT HAVE PRESENTED THE CLAIMS AND ISSUES MENTIONED IN HIS THIRD APPLICATION, IN HIS SECOND APPLICATION, BECAUSE THE LAW HAD NOT YET

-2-

CHANGED (THIS HONORABLE COURT HAD NOT COMPLETELY OVERRULED THE DeGarmo DOCTRINE), (SEE LEDAY v. STATE at part IV pg.729 (TEX.CRIM.APP.1998)). IN THE RESPONDENT'S ANSWER, THE RESPONDENT ATTEMPTED TO DERAIL THE COURT BY ACCUSING THE APPLICANT OF FILING FOUR APPLICATIONS ABOUT THE SAME ISSUE, WHICH IS NOT TRUE, SO THE APPLICANT DID OBJECT. IN THE APPLICANT'S SUBSEQUENT WRIT, APPLICANT DID NOT PRESENT ANY NEW CLAIMS, APPLICANT ONLY USED THE NEW EVIDENCE AND SUPPORT BY STATE, FEDERAL, AND SUPREME COURT CASES TO PROVE BEYOND A REASONABLE DOUBT ALL THE CLAIMS AND ISSUES THAT WAS PRESENTED IN APPLICANT'S INITIAL APPLICATION.

## III.

THIS SUBSEQUENT APPLICATION IS PURSUANT TO RULES OF APPELLATE PROCEDURE, RULE 79.2(d), REQUESTING AND SUGGESTING THIS HONORABLE COURT TO REVIEW THE CONSTITUTIONAL LEGITAMACY OF THE APPLICANT'S CONVICTION ALTHOUGH THE APPLICANT IS ONLY CHALLENGING THE JUDGEMENT OF SENTENCE IN CAUSE No.26185. THE APPLICANT CAN ASSURE THAT REVIEWING AND ADJUDICATING THE MERITS OF THE APPLICANT'S CLAIMS AND ISSUES IN THIS CASE WILL NOT BE A WASTE OF THIS HONORABLE COURT'S TIME.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, THE APPLICANT PRAYS THAT THIS COURT WILL CONSIDER THIS NOTICE TO THE COURT IN REFERENCE TO THE APPLICANT'S SUBSEQUENT APPLICATION .

RESPECTFULLY SUBMITTED,

JASON T. PEGUES #728196
THE APPLICANT:

## CERTIFICATE OF SERVICE

I, JASON T. PEGUES #728196, HEREBY CETIFY THAT A TRUE AND CORRECT AND ORIGINAL APPLICANT'S NOTICE TO THE COURT HAS BEEN MAILED via U.S.POSTAL SERVICE TO THE CLERK OF THE COURT OF CRIMINAL APPEALS, BOX12308,

CAPITOL STATION, AUSTIN, TEXAS 78711, FOR FILING AND TO BE PRESENTED TO THE SAID COURT.

SIGNED ON THIS 2nd, day of February, 2015.

JASON T. PEGUES #728196
815 12th STREET
HUNTSVILLE, TEXAS 77348


## INMATE DECLARATION

I, JASON T. PEGUES #728196, PRESENTLY INCARCERATED IN WALKER COUNTY, TEXAS HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE AFOREMENTIONED IN THE/THIS NOTICE TO THE COURT IN REFERENCE TO THE APPLICANT'S SUBSEQUENT APPLICATION (94-DCR-026185 HC4) IS TRUE AND CORRECT.

SIGNED ON THIS 2nd, day of February, 2015.

JASON T. PEGUES #728196
815 12th STREET
HUNTSVILLE, TEXAS 77348
THE APPLICANT:

cc/file:

-4-

| | | |
|---|---|---|
| JASON T. PEGUES #728196<br>PETITIONER | § | THE 240th DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| vs. | § | OF |
| | § | |
| | § | |
| | § | |
| THE STATE OF TEXAS<br>RESPONDENT | § | FORT BEND COUNTY, TEXAS |
| | § | |

### PETITIONER'S OBJECTION TO RESPONDENT'S ANSWER

☆

### UNDER TEXAS RULES OF APPELLATE PROCEDURE 33.1

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JASON T. PEGUES #728196, PETITIONER, Pro-se, IN THE ABOVE STYLED AND NUMBERED CAUSE OF ACTION RESPECTFULLY SUBMIT THIS PETITIONER'S OBJECTION TO THE RESPONDENT'S ANSWER UNDER TEXAS RULES OF APPELLATE PROCEDURE 33.1 AND WOULD LIKE TO SHOW THE HONORABLE COURT THE FOLLOWING:

### PROCEDURAL HISTORY

PETITIONER FILED AN APPLICATION FOR HABEAS CORPUS SUBSEQUENT WRIT 11.07 IN REFERENCE TO PETITIONER'S INITIAL APPLICATION ON DECEMBER 11,2014, PRESENTING THE EXACT CLAIMS THAT WAS IN THE INITIAL APPLICATION. THE SUBSEQUENT MEMORANDUM PRESENTED NEW CREDIABLE, CRITICAL, CLEAR and CONVINCING EVIDENCE THAT WAS NOT AVAILABLE BEFORE THE INITIAL APPLICATION WAS FILED. PETITIONER'S REQUEST IS FOR A NEW PUNISHMENT HEARING, SPECIFICALLY REQUESTING TIME-SERVED FOR RELIEF

-1-

BASED ON THE OVERRRULING OF THE DeGarmo DOCTRINE, IN WHICH THE PETITIONER/APPLICANT WAS SENTENCED UNDER. THE RESPONDENT RESPONDED ON DECEMBER 29,2014.

## STATEMENT OF FACTS

THE PETITIONER RECEIVED THE RESPONDENT'S ANSWER ON JANUARY 7,2015 IN REGARDS TO THE PETITIONER'S SUBSEQUENT APPLICATION WRIT 11.07. @@BASED ON THE RESPONDENT'S ANSWER, THE PETITIONER IS OBJECTING TO MULTIPLE STATEMENTS THE RESPONDENT EXPRESSED, SO THAT THIS HONORABLE COURT WILL NOT BE DERAILED FROM THE FOCUS OF THE APPLICATION'S MOTIVE AND PURPOSE.

### I.

IN APPLICANT'S INITIAL WRIT APPLICATION, APPLICANT ASSERTED THAT THE APPLICATION WAS BEING FILED PURSUANT TO THE PROVISIONS OF ARTICLE 11.07 3(b),SEC.4(a)(1)(b); 4(a) STATING THAT IF A SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS IS FILED AFTER FINAL DISPOSITION OF AN INITIAL APPLICATION CHALLENGING THE SAME CONVICTION (ALTHOUGH APPLICANT IS CHALLENGING ONLY THE SENTENCE), A COURT MAY NOT CONSIDER THE MERITS OF OR GRANT RELIEF BASED ON THE SUBSEQUENT APPLICATION UNLESS THE APPLICATION CONTAINS SUFFICIENT SPECIFIC FACTS ESTABLISHING THAT: (1) and (2)...ACCORDING TO THE RESPONDENT'S ANSWER ON PAGE 6. THE NEW EVIDENCE THAT IS PRESENTED IN THE APPLICANT'S SUBSEQUENT WRIT (THE APPLICANT'S INVESTIGATING/ARRESTING RECORD) WAS NOT AVAILABLE BEFORE THE APPLICANT'S INITIAL APPLICATION WAS FILED. THE SUBSEQUENT APPLICATION WAS CLEARLY UNDER THE UMBRELLA OF THE INITIAL WRIT. APPLICANT DID NOT PRESENT ANY NEW CLAIMS, ALL CLAIMS WERE OF THOSE IN THE INITIAL WRIT AS THE APPLICANT'S SUBSEQUENT WRIT/MEMORANDUM SHOWS ON PAGE ONE THE WRIT NUMBER OF THE INITIAL WRIT

AS WELL AS NATURE OF PROCEEDING, FULLY RESPECTING RULES OF APPELLATE PROCEDURE, RULE 79.2 (d) (Ex parte MORENO, 245 S.W.3d 419 (TEX.CRIM. APP.2008, BUT THE RESPONDENT OBVIOUSLY DID NOT REVIEW THE APPLICANT'S SUBSEQUENT MEMORANDUM WHERE APPLICANT STATED SUFFICIENT FACTS TO ESTABLISH AN EXCEPTION UNDER ART.11.07,sec.4(a). DUE TO THE SUBSEQUENT WRIT BEING FILED UNDER THE UMBRELLA OF THE INITIAL WRIT, PRESENTING THE EXACT SAME CLAIMS, THE INITIAL PURSUANT OF PROVISIONS AND NATURE OF PROCEEDINGS STILL APPLY, IN WHICH THE RESPONDENT'S ANSWER TO THE SUBSEQUENT WRIT IS THE SAME ANSWER OF THE INITIAL WRIT. WITH THE SUBSEQUENT APPLICATION PRESENTING NEW EVIDENCE THAT WAS NOT ABAILABLE ●●●●●●BEFORE THE INITIAL WRIT WAS FILED, REQUIRES NEW FINDINGS. FURTHERMORE AND NOTE TO THE COURT, PETITIONER IS A LAYMAN OF THE LAW, UNSKILLED AND UNLEARNED IN THE DRAFTING OF MOTIONS, WRITS, AND OTHER FORMAL PLEADINGS AND REQUEST THE COURT TO HOLD THE PETITIONER TO LESS STRINGENT STANDARDS THAN LEARNED ATTORNEY'S (SEE HAYNES vs. KERNER, 92 S.Ct.594) AND TO NOT DENY THE PETITIONER THE COURT'S ATTENTION TO THE CONTEXT OF THE PETITIONER'S CLAIMS OF THIS OBJECTION BASED ON A PROCEDURAL OR FORMALITY DEFICIENCY IF THERE ARE ANY, NOR OVER-LOOK ANY UNASSIGNED ERROR.

## II.

WITH THE APPLICANT BEING Pro-se, AND A LAYMAN, THE APPLICANT SHOULD NOT HAVE TO ASSERT A STATUTORY RIGHT. APPLICANT ASSERT ALL THE CORRECT PROCEDURES AND PROVISIONS AT THE STANDARD OF A PRO-SE AND LAYMAN OF THE LAW. IT IS CLEAR THAT THE RESPONDENT IS SEARCHING FOR ANY REASON TO NOT ALLOW THE NEW EVIDENCE AND IT'S SUPPORT THAT PROVES ALL THE CLAIMS AND ISSUES STATED BY THE APPLICANT IN HIS INITIAL APPLICATION. THE NEW EVIDENCE PRESENTED IN APPLICANT'S SUBSEQUENT WRIT WAS NOT AVAILABLE BEFORE HIS INITIAL WRIT WAS FILED WHICH MAKES THE SUBSEQUENT

WRIT APPLICATION RELEVANT AND NOT AN ABUSE OF WRIT(Ex parte MARTINEZ 233 S.W.3d 319(TEX.CRIM.APP.2007): "IN THIS CASE, WE DECIDE THAT IT IS NOT AN ABUSE OF THE WRIT OF HABEAS CORPUS TO SEEK RELIEF ON THE MERITORIOUS CLAIM PRESENTED IN APPLICANT'S SUBSEQUENT STATE HABEAS APPLICATION."

THE RESPONDENT MENTIONED IN IT'S ANSWER THAT THIS WAS THE APPLICANT FOURTH APPLICATION AND HOW THIS SUBSEQUENT WRIT IS AN ABUSE OF WRIT, HOWEVER, APPLICANT WOULD LIKE TO STATE FOR THE RECORD SO THAT THE APPLICANT'S APPLICATION WILL NOT BE MISCONSTRUED. OUT OF THE FOUR APPLICATIONS, TWO OF THE APPLICATIONS WERE CONCERNING PRESENTENCE JAIL-TIME CREDIT. THE LAST TWO APPLICATIONS WERE PERTAINING TO THE COURT OF CRIMINAL APPEAL OVERRULING THE DeGarmo DOCTRINE WHICH THE APPLICANT WAS CONVICTED AND SENTENCED UNDER, WHICH ALLOWED APPLICANT TO PRESENT THE ISSUES MENTIONED IN THE INITIAL WRIT AND SUBSEQUENT. APPLICANT COULD NOT HAVE PRESENTED THESE CLAIMS AND ISSUES IN HIS 2nd APPLICATION WHICH WAS FILED AROUND JANUARY 8,2013 CONCERNING PRESENTENCE JAIL-TIME CREDIT, BECAUSE THE HONORABLE COURT HAD NOT COMPLETELY OVERRULED THE DOCTRINE IN WHICH APPLICANT WAS CONVICTED AND SENTENCED UNDER TO PRESENT THESE CLAIMS AND ISSUES (SEE LEDAY v. STATE at part IV pg.729 (TEX.CRIM.APP.1998).

## III.

THE PETITIONER IS OBJECTING TO THE RESPONDENT'S ANSWER AS A WHOLE FOR ATTEMPTING TO STOP THE APPLICANT'S SUBSEQUENT WRIT FROM GOING FORWARD IN FRIVOLOUS WAYS. THE RESPONDENT IS VERY AWARE THAT THE EVIDENCE AND SUPPORT PROVES BEYOND A REASONABLE DOUBT THAT THE APPLICANT'S DUE PROCESS RIGHTS WERE VIOLATED, SUBSTANTIAL RIGHTS WERE AFFECTED, FAMILY CODES AND PARENTAL NOTIFICATION REQUIREMENTS WERE VIOLATED, AND THE RESPONDENT PRESENTING ALL THAT THEY CAN KNOWING

-4-

THAT IT CARRIES NO WEIGHT.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, THE PETITIONER PRAYS THAT THIS COURT WILL CONSIDER THIS OBJECTION TO THE RESPONDENT'S ANSWER IN REFERENCE TO THE PETITIONER'S SUBSEQUENT APPLICATION WRIT OF HABEAS CORPUS 11.07.

RESPECTFULLY SUBMITTED,

_____
JASON T. PEGUES #728196
THE PETITIONER:
THE APPLICANT: cause no.
94-DCR-026185 HC 4

## CERTIFICATE OF SERVICE

I, JASON T. PEGUES #728196, HEREBY CERTIFY THAT A TRUE AND CORRECT AND ORIGINAL PETITIONER'S OBJECTION TO RESPONDENT'S ANSWER HAS BEEN MAILED via U.S. POSTAL SERVICE TO THE DISTRICT CLERK, ANNIE REBECCA ELLIOTT, THE 240th JUDICIAL DISTRICT COURT IN FORT BEND COUNTY, TEXAS WHERE THE HONORABLE JUDGE THOMAS R. CULVER III, PRESIDES, FOR FILING AND PRESENTATION TO SAID COURT.

SIGNED ON THIS 8th, day of JANUARY, 2015.

_____
JASON T. PEGUES #728196
815 12th STREET
HUNTSVILLE, TEXAS 77348

## INMATE DECLARATION

I, JASON T. PEGUES #728196, PRESENTLY INCARCERATED IN WALKER COUNTY, TX. HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE AFOREMENTIONED IN MY OBJECTION TO THE RESPONDENT'S ANSWER IS TRUE AND CORRECT.

SIGNED ON THIS 8th, day of JANUARY, 2015.

cc/file:

-5-

_____